■ YESHIVA UNIVERSITY DEVELOPMENT FOUNDATION, INC., et al., Respondents, v CONSULTANTS & DESIGNERS, INC., Appellant.—Order, Supreme Court, New York County, entered June 15, 1977, granting plaintiffs' motion for summary judgment, denying defendant's motion for summary judgment, and directing a reference as to additional rent due, is unanimously modified,

on the law, so as to reverse so much of the order as grants plaintiffs' motion for summary judgment, and to vacate the reference, and reverse so much of the order as denies defendant's motion for summary judgment as to the claims for additional rent applicable to calendar years of 1968 and earlier, and plaintiffs' motion for summary judgment is denied, and partial summary judgment is granted in favor of defendant dismissing so much of plaintiffs' claim as asks for additional rent based on increased taxes for calendar years 1968 and earlier, and, as so modified, the order is otherwise affirmed, without costs and without disbursements. Defendant-tenant and plaintiffs' predecessor as landlord entered into an 11-year lease in 1964. Under that lease, tenant covenanted to pay 5.33% (apparently the proportionate area of the building occupied by tenant) of the excess, if any, of the aggregate amount of taxes in any calendar year referable to the property of which the demised premises formed a part, over the aggregate amount of taxes in the base year 1964. Thereafter, the property was acquired by plaintiff foundation and leased to plaintiff university. These institutions being tax exempt, partial exemption from real estate taxes was granted based upon the proportion of the over-all space used by plaintiff university for educational purposes. The result was, at least after the tax year 1966/67, that the aggregate amount of tax due on the whole premises did not exceed the tax for the base year 1964. Plaintiffs contend that defendant is nevertheless liable for increased rent under the tax increase clause based on what the increase in tax would have been but for the tax exemption, and brings this suit for that increase. Defendant, on the other hand, contends that under the literal language of the lease there has been no increase in the "aggregate amount of taxes * * * referable to the property of which the demised premises form a part," and that therefore nothing is owed under this clause. There are obviously conflicting considerations, e.g., the language of the lease and its proper interpretation; whether under defendant's interpretation, defendant, a non-tax-exempt organization, would become the beneficiary of an exemption intended solely for tax-exempt organizations; plaintiffs' failure at least to sue for this increase for many years and whether or not this may be a practical construction of the contract. In all the circumstances, we are not satisfied that there is no issue of fact and we think the issue of liability is not appropriate for adjudication on a motion for summary judgment but requires exploration at a trial. Accordingly, we think that both plaintiffs' and defendant's motions for summary judgment on the issue of liability (apart from Statute of Limitations to be discussed below) should have been denied. However, defendant has also interposed a defense of the Statute of Limitations. The lease provided that on or before March 1 of each year the landlord should give the tenant a statement setting forth the amount of taxes for the immediately preceding year and the amount of additional rent, if any, payable under the tax increase article, and that the tenant should pay such additional rent within 10 days after the particular statement was given. Thus landlord could legally have given such a statement at any time after the expiration of each calendar year. CPLR 206 (subd [a]) provides in part as follows: "where a demand is necessary to entitle a person to commence an action, the time within which the action must be commenced shall be computed from the time when the right to make the demand is complete". We think that under this statute, the time to commence action as to each calendar year began to run "from the time when the right to make the demand is complete," i.e., the immediately following January 1. This action was commenced in October, 1975, and is apparently governed by the six-year Statute of Limitations of

CPLR 213. Accordingly, the action is barred as to the calendar years 1968 and earlier and defendant's motion for partial summary judgment is granted as to those years. Concur—Lupiano, J. P., Birns, Silverman and Evans, JJ.