OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division, insofar as appealed
 
 *997
 
 from, should be affirmed, with costs, and the certified question answered in the affirmative.
 

 We agree with the Appellate Division that triable issues of fact exist as to whether, and to what extent, the increased assessment for the 1985-1986 tax year was attributable to improvements made for the exclusive benefit of the landlord. We view the lease provision at issue in light of the essential purpose of a tax escalation clause in commercial landlord-tenant leases — to pass on to the tenant the proportionate share of increases in real estate taxes
 
 (see,
 
 33 NY Jur, Landlord-Tenant, § 187; 1 Friedman, Leases § 5.401 [2d ed]). It is not the aim of such a clause, ordinarily, to impose upon the tenant responsibility for increases in real estate taxes resulting from improvements on the property redounding solely to the benefit of the landlord, such as the addition of two floors as was the case here.
 
 (See, People ex rel. Hudson Riv. Day Line v Franck,
 
 257 NY 69;
 
 People ex rel. International Nav. Co. v Barker,
 
 153 NY 98;
 
 Marano v Corbisiero,
 
 27 Misc 2d 830;
 
 see generally,
 
 33 NY Jur, Landlord-Tenant, § 192).
 

 The Appellate Division erred, however, in concluding that plaintiffs were not liable for their proportionate share of the tax increase beyond the expiration date of their lease. Real estate taxes for the tax year 1985-1986 were fixed and imposed as of July 1, 1985, during the term of the lease. Thus, the tenant’s obligation to pay its proportionate share of the increase accrued on that date. The fact that the lease provided for payment of this obligation in installments, some of which fell due beyond the lease term, does not operate to diminish tenant’s obligation
 
 (Wall v Hess,
 
 232 NY 472;
 
 see,
 
 1 Rasch, New Landlord & Tenant — Summary Proceedings § 430 [2d ed]).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order, insofar as appealed from, affirmed, etc.