■ WALTER C. GOLDSTEIN et al., Respondents, v CITY OF NEW YORK, Appellant.—Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about July 5, 1988, which, *inter alia,* denied a motion by the defendant City of New York to dismiss the complaint, unanimously affirmed, without costs.

This is an action brought by the plaintiffs, as landlord, to recover $625,633.85 in additional rent allegedly owed to them by the City of New York. Pursuant to a 25-year lease agreement, dated January 24, 1973, with plaintiff D-U Second

Realty Company, the city occupies premises located at 2070 Mapes Avenue, Bronx County, as a day-care center under the supervision of the city's Human Resources Administration. The lease requires the city to pay a base rent of $13,683.90 per year and to pay annually, as additional rent, a share of the landlord's annual taxes, fire insurance, utility and other costs. Section 3 of the lease set forth procedures for allocating these expenses and for the submission to the city of statements setting forth estimated amounts.

The landlord apparently failed to make any requests for additional rents until 1982 when it filed a claim for the city's share of electrical charges allocable to the premises during 1977 through 1981. As a result, the city paid the landlord $48,356.68 and the landlord executed a standard form general release dated May 13, 1983, releasing the city "from all actions, causes of action, suits, debts, dues, sums of money [etc.]" which the landlord might have had against the city up until the date of the release. With the exception of that payment, no payment of additional rents has been made by the city.

On May 30, 1985, the landlord filed a notice of claim against the city seeking $625,623.85 which represented unpaid "additional rents * * * which should have been paid by the tenant-City" from the commencement of the lease in 1973 through 1984. When the comptroller did not approve the notice of claim, the landlord, on December 24, 1985, commenced the instant action by service of a summons and verified complaint. The city interposed an answer containing a number of affirmative defenses including failure to comply with a condition precedent, waiver, laches and estoppel.

The city moved for summary judgment dismissing the complaint based upon the affirmative defenses set forth in its answer and raised, for the first time, the general release executed by the landlord on May 13, 1983. The IAS court, *inter alia,* denied the city's motion for summary judgment dismissing the complaint. The city seeks reversal of so much of that order as denied its motion for summary judgment dismissing the complaint on the grounds of failure to perform and to comply with a condition precedent, and on the grounds of release.

Section 3 of the lease requires that 60 days before each new lease year, the landlord furnish to the city an itemized statement for the upcoming year, setting forth the estimated annual costs allocable to the day-care center so that these

additional costs may be approved by the city and paid. At the end of each year an appropriate rent adjustment is to be made reflecting the difference between estimated and actual costs. The city argues that this preapproval requirement of section 3 constitutes a condition precedent to the city's payment of its allocable share of expenses and thus the landlord's failure to comply with section 3 is a bar to this action.

If the landlord has provided all of the services required under the lease, approval by the city is not a condition precedent to payment for work performed, even if the contract provides for such approval *(see, Public Improvements v Parker Constr. Corp.,* 59 AD2d 671 [1st Dept 1977]).

The lease agreement could have provided that failure to comply with section 3 constitutes waiver of the landlord's claim for additional rent. *(See, Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377 [1983] [agreement that no claims for damages could be made against the city for delays caused by it]; *Buckley & Co. v City of New York,* 121 AD2d 933 [1st Dept 1986] [failure to follow prescribed procedures constitutes waiver of claim for extra compensation]; *Soviero Bros. Contr. Corp. v City of New York,* 286 App Div 435, *affd* 2 NY2d 924 [1957] [Statute of Limitations for actions against the city].) It did not. Accordingly, compliance with the provisions of section 3 of the lease is not a condition precedent to commencement of the instant action.

Similarly, we find unpersuasive the city's claims of laches *(Dante v 310 Assocs.,* 121 AD2d 332, 334 [1st Dept 1986], *lv denied* 68 NY2d 607 [1986]), estoppel *(Matter of Carr,* 99 AD2d 390, 394 [1st Dept 1984]) and waiver *(Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 81 [4th Dept 1980]).

Finally, the city argues that it was the intention of the parties that the May 13, 1983 release by which the city paid the landlord $48,356.68 settled all future claims for additional rent including the instant claim for $625,633.85. Since a factual issue is presented as to whether the general release executed by the parties in June 1983 was also intended by the parties to settle the claims for additional rent which are the subject of this action *(Mangini v McClurg,* 24 NY2d 556, 562 [1969]; *Perritano v Town of Mamaroneck,* 126 AD2d 623, 624 [2d Dept 1987]), the IAS court properly denied the city's motion for summary judgment. Concur—Sullivan, J. P., Carro, Wallach, Smith and Rubin, JJ.