■ MICHAEL PARENTE et al., Appellants, v EDWARD DROZD et al., Respondents.—In an action to recover on two promissory notes, for legal fees and for a declaratory judgment, the plaintiffs appeal from an order of the Supreme Court, Queens County (Hentel, J.), dated August 21, 1989, which granted the defendants' motion for summary judgment on their second counterclaim and on the first, second, fourth and fifth causes of action of the complaint, granted declaratory relief to the defendants on the third cause of action and denied the plaintiffs' cross motion for summary judgment on the complaint and the counterclaims.

Ordered that the order is modified, on the law, by deleting

the provision thereof which granted that branch of the defendants' motion which was for summary judgment on the second counterclaim and substituting therefor a provision granting that branch of the plaintiffs' cross motion for summary judgment dismissing the first and second counterclaims; as so modified, the order is affirmed, without costs or disbursements.

Pursuant to a written agreement dated August 5, 1987, the plaintiffs sold to the defendants all of the stock in Elite Billiard-Parlor Inc., an ongoing business, for a price of $136,380, which was, in part, satisfied by the delivery of two promissory notes. A rider to the agreement provided for the payment by the plaintiffs to the defendants of various sums of money in the event that the existing temporary certificate of occupancy for the premises expired before being converted to a permanent certificate of occupancy. The rider also provided that all payments toward the promissory notes were to be held in escrow by the plaintiffs' attorney until such time as the permanent certificate of occupancy was obtained. The temporary certificate of occupancy expired on September 29, 1987, and a permanent one was not obtained until December 22, 1987. During this period, the defendants continued to operate the business without closing but stopped making payments toward the notes.

The Supreme Court found that the rider was an enforceable liquidated damages clause and granted summary judgment to the defendants on their second counterclaim thereunder.

We agree with the determination by the court that the rider is an enforceable liquidated damages clause. Viewed as of the date of its making, and the parties having expressly stated in the rider that actual damages would be difficult to calculate, it appears that the liquidated damages bear a reasonable proportion to probable loss of winter time business that the billiard parlor might suffer (see, Truck Rent-A-Center v Puritan Farms 2nd, 41 NY2d 420). However, it is also clear from a reading of the purchase agreement and the rider together in their entirety (see, APF Indus. v Mosler Safe Co., 85 AD2d 922) that the cessation of the business as a consequence of the plaintiffs' failure to convert the temporary certificate of occupancy into a permanent one was a condition precedent to the defendants' right to recover liquidated damages pursuant to the rider. Any other interpretation of the contract would result in an impermissible penalty for a breach which caused no damage. Still, the defendants are not without remedy since the plaintiffs' right to compel payment of the promissory notes was sus-

pended until the permanent certificate of occupancy was granted.

Accordingly, the defendants were not entitled to summary judgment on their second counterclaim; rather, the plaintiffs were entitled to the dismissal of that counterclaim.

A motion for summary judgment empowers a court, even on appeal, to search the record and award judgment where appropriate, even to the nonmoving party *(see, Grimaldi v Pagan,* 135 AD2d 496). Insofar as the record is devoid of any evidence to sustain the first counterclaim or that the defendants suffered any damages, that branch of the plaintiffs' cross motion which sought summary judgment dismissing the first counterclaim is also granted. Bracken, J. P., Eiber, Balletta and Ritter, JJ., concur.