■ 8-14 WEST 38TH STREET CORP., Appellant, v W. & J. SLOANE, INC., Respondent.—Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.) entered October 16, 1991, which, *inter alia,* granted defendant's cross motion for summary judgment, declared that plaintiff's obligation to pay "additional basic rent" under the parties' sublease did not cease on March 30, 1991, and dismissed the complaint, unanimously affirmed, without costs.

The sublease at issue provided for an initial term of six years eight months (a total of eighty months) and two five year renewal terms at plaintiff subtenant's option. One of the components of rent for the initial term, but not for the renewal terms, was "additional basic rent". Literally interpreted, the provision of the sublease requiring payment of

$40,760.56 a month as "additional basic rent" "[c]ommencing the fifty-fifth month after the Commencement Date, and for the next succeeding three years" would have the subtenant's obligation to pay "additional basic rent" run ten months beyond the initial term of the lease. We agree with the IAS court that that is precisely what the parties intended, particularly in view of the lease clause providing that "Tenant's obligation to pay Landlord all amounts due and payable pursuant to this Paragraph 4 shall survive the expiration or sooner termination of this Sublease."

"[T]he rule is well settled that a court may not, under the guise of interpretation, make a new contract for the parties * * * As we noted in *Raleigh Assoc. v. Henry* (302 N. Y. 467, 473), we 'concern ourselves with what the parties intended, but only to the extent that they evidenced what they intended by what they wrote' ". *(Rodolitz v Neptune Paper Prods.,* 22 NY2d 383, 386-387.) The parties to a lease may mutually agree to have some installments of rent payable after the expiration date of the lease. *(Credit Exch. v 461 Eighth Ave. Assocs.,* 69 NY2d 994.) We note that plaintiff, on appeal, has abandoned any claim of mutual mistake in the face of defendant's showing negating such claim *(see, Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211). Concur—Murphy, P. J., Carro, Rosenberger, Kupferman and Ross, JJ.