■ WOODLAUREL, INC., Appellant, v LILYAN WITTMAN, Respondent. [606 NYS2d 39] —In an action to recover increases in real estate taxes pursuant to a lease, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), entered June 18, 1991, as denied its motion for summary judgment and granted those branches of the defendant's cross motion which were for summary judgment dismissing the seventh through twelfth causes of action asserted in the complaint as time barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1984, the plaintiff landlord instituted a summary proceeding in the District Court, Nassau County, challenging the validity of a lease entered into between the plaintiff's predecessor and the defendant in 1978, and seeking possession for nonpayment of rent. The District Court, inter alia, upheld the validity of the lease in 1987, and that determination was affirmed by the Appellate Term and this Court (see, Woodlaurel, Inc. v Wittman, 163 AD2d 384).

The plaintiff landlord then commenced the instant action to recover damages for its payment of tax increases which the defendant tenant was allegedly responsible for pursuant to the terms of the lease. The plaintiff moved for summary judgment, asserting that the defendant owed back tax increases from 1979 through 1990. The defendant cross-moved for summary judgment dismissing the complaint, asserting that the plaintiff's suit was, inter alia, barred by the six-year Statute of Limitations applicable to contract actions and the plaintiff had failed to comply with paragraph 24 of the lease, which required the plaintiff to furnish the defendant with tax bills as a condition precedent for the recovery of tax increases.

In denying the plaintiff's motion and granting those branches of the defendant's cross motion which were to dismiss the seventh through twelfth causes of action seeking recovery of payments for alleged tax increases for the years 1979 through 1984, the Supreme Court was correct in relying upon CPLR 206 (a), which provides that, "where a demand is necessary to entitle a person to commence an action, the time within which the action must be commenced shall be computed from the time when the right to make the demand is complete". The courts have interpreted the "demand is com-

plete" language to mean that the Statute of Limitations runs from the time when the party making the demand first becomes entitled to make the demand, and not from the time the actual demand is made *(see, Gower v Weinberg,* 184 AD2d 844, 845; *see also, Yeshiva Univ. Dev. Found. v Consultants & Designers,* 60 AD2d 525, 526; *Federal Ins. Co. v Fries,* 78 Misc 2d 805, 810).

The general rule in New York is that the Statute of Limitations starts to run when the cause of action accrues, even if the plaintiff is unaware that he or she has a cause of action *(see, Thornton v Roosevelt Hosp.,* 47 NY2d 780). Here, even though the plaintiff may have thought that the lease was invalid until the determination in the summary proceeding in 1987 and therefore did not believe itself to have a cause of action arising out of the lease, the plaintiff was entitled to make its demand for payment, and its cause of action for nonpayment arose at the end of each calendar year in which taxes were imposed. In this regard, it should be noted that the plaintiff was, in fact, aware that the causes of action existed, since it had attempted in 1983 to recover tax increments without success prior to instituting the summary proceeding, within which she took the position that the lease was invalid.

As to the remaining causes of action covering the tax years from 1985 through 1990, the plaintiff, in moving for summary judgment, failed, as a matter of law, to establish its performance of the lease's condition precedent that it provide the tenant with notice of the tax increases *(see,* CPLR 3213; *see also,* CPLR 3015 [a]; *1014 Fifth Ave. Realty Corp. v Manhattan Realty Co.,* 67 NY2d 718; *Azriliant v Oppenheim,* 91 AD2d 586). It is impossible to determine from examining the tax bills and reports of the official tax bureaus, which portions of the taxes were increases. Moreover, unlike the language of the lease in *Yeshiva Univ. Dev. Found. v Consultants & Designers (supra),* which provided for the tax increases to be calculated from a specific base year, there is no language in the lease herein which would provide guidance on this issue, thus raising a question of fact as to the amount of the actual tax increases.

While the Supreme Court addressed the issues of laches and the effect of the prior summary proceeding for rent upon the current action, we note that these issues were not raised by the defendant and thus were not properly before the Supreme Court on these motions for summary judgment. Accordingly, we do not address those issues. The appellant's other conten-

tion is without merit *(see, Parente v Drozd,* 171 AD2d 847). Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.