■ WINFIELD CAPITAL CORP., Appellant, v MAHOPAC AUTO GLASS, INC., et al., Respondents. [617 NYS2d 499] —In an action to recover damages for breach of contract seeking additional rents, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated November 30, 1992, which denied the plaintiff's motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, as assignee of the rent due under a lease, brought the instant action against the defendants to recover additional rents allegedly due under the lease. The Supreme Court dismissed the action, based on the asserted defenses of waiver, laches, and equitable estoppel, because the landlord had not given the tenant notice of the additional amounts due prior to February 1 of each year, as required by the lease.

While we agree that dismissal is warranted, we base our decision on the landlord's failure to satisfy a condition precedent to the tenant's obligation to pay the additional rents. The relevant portion of the subject lease is similar to that in *Woodlaurel, Inc. v Wittman* (199 AD2d 497), in which the landlord sought to recover additional rents under a tax escalation clause in the lease. An examination of the record in *Woodlaurel* reveals that the lease required the landlord to furnish the tenant with a copy of the tax bill, and that the tenant "shall" then pay the increase in the real estate tax. In that case, we affirmed the denial of the landlord's motion for summary judgment, based, *inter alia,* on the existence of an issue of fact as to whether the landlord performed the condition precedent to the tenant's obligation to pay the additional rent by providing proper notice of the tax increases.

As in *Woodlaurel,* the lease in this case, the relevant portions of which are set forth in the dissent, established a condition precedent to the tenant's duty to pay additional rent. The plaintiff does not dispute the tenant's allegation that the landlord failed to give notice of the amounts due for any of the years in question *(cf., Woodlaurel, Inc. v Wittman, supra).* We therefore conclude that the Supreme Court prop-

erly granted the defendants' cross motion for summary judgment. Sullivan, J. P., Copertino and Santucci, JJ., concur.

Balletta, J., dissents, and votes to reverse the order appealed from, on the law, to grant the plaintiff's motion for summary judgment, and to deny the defendants' cross motion for summary judgment, with the following memorandum: The majority finds that the defendants never had an obligation to pay the additional rent. I disagree.

Pursuant to a lease effective February 1, 1980, the defendant Mahopac Auto Glass, Inc. (hereinafter Mahopac) leased certain real property from Key Petroleum Corporation (hereinafter Key). The lease was to expire on January 31, 1990, but had an optional five-year renewal provision which was exercised. Paragraph 5 of the rider to the lease provided: "5. In addition to the Annual Rent set forth herein, Tenant agrees to pay to Landlord one-half of all real estate taxes billed against the entire property (including the gas station) to the extent same exceed the real estate taxes billed for the calendar year 1979. However, Tenant agrees to pay to Landlord the full amount of any increase in real estate taxes in the event it is determined from the tax assessor that such increase is due to repairs and improvements made by Tenant. For the purposes of this paragraph, Tenant and Landlord agree that the taxes billed against the entire property for calendar year 1979 are in the amount of $7,369.16. Landlord shall notify Tenant prior to February 1, 1981 and prior to February 1 of each succeeding year of the amount of taxes billed and of Tenant's share thereof. Tenant shall pay its share to Landlord on or before February 15, 1981 and on or before February 15 of each succeeding year". In 1984, Key sold the premises to a third party, who assigned the rents to the plaintiff.

By letter dated December 17, 1991, the plaintiff advised Mahopac that the defendants owed $13,792.79 in past due payments under the above tax escalation clause. When Mahopac refused to pay, the plaintiff commenced the instant action. The Supreme Court granted the defendants' cross motion for summary judgment dismissing the complaint, finding that the plaintiff's claim was barred by laches and equitable estoppel due to its failure to have ever notified Mahopac by February of each year of the yearly increases. The majority now affirms, but for a different reason; namely, that the plaintiff failed to perform a condition precedent in not providing notice of the tax increases, citing the case of *Woodlaurel, Inc. v Wittman* (199 AD2d 497).

While I might otherwise feel constrained by *Woodlaurel* to concur with the majority's reasoning, I believe that the *Woodlaurel* case is distinguishable. Significantly, the lease in the instant case contained a provision that any waiver of the terms of the lease by the landlord had to be in writing: "The failure of the Landlord to insist, in any one or more instances upon a strict performance of any of the covenants of this lease, or to exercise any option herein contained, shall not be construed as a waiver of a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect. The receipt by the Landlord of rent, with knowledge of the breach of any covenant hereof, shall not be deemed a waiver of such breach and no waiver by the Landlord of any provision hereof shall be deemed to have been made unless expressed in writing and signed by the Landlord. Even though the Landlord shall consent to an assignment hereof no further assignment shall be made without express consent in writing by the Landlord".

There is nothing in the language of the *Woodlaurel* decision which would suggest that the *Woodlaurel* lease contained similar language.

Moreover, under the first sentence of paragraph 5 of the rider to the lease in the instant case, Mahopac expressly agreed "to pay * * * one-half of all real estate taxes billed against the entire property * * * to the extent same exceed the real estate taxes billed for the calendar year 1979". The tenant's obligation is clear and unequivocal and without limitation. Unlike the majority, I do not read the last two sentences of paragraph 5 as creating a condition precedent to the defendant's obligation to pay the tax increases. At most, they merely provide a procedure whereby the tenant would be notified of the exact amount to be paid prior to actually making the payment. However, this procedure did not change or modify or otherwise excuse the underlying obligation to pay its share of the yearly tax increases.

The case of *Goldstein v City of New York* (159 AD2d 313) is analogous. In *Goldstein,* the City leased certain premises from the plaintiff for use as a day care center at an annual rent of $13,683.90. The lease required the City to pay each year its share of the plaintiff's annual taxes, fire insurance, utility, and other costs. The lease also provided that 60 days before each new lease year, the plaintiff would furnish to the City an itemized statement of those costs for the upcoming year.

Although the lease commenced in 1973, the plaintiff did not file a claim for the additional payments until 1985. As part of its summary judgment motion to dismiss the complaint, the City argued that the notification provision of the lease constituted a condition precedent to the City's payment of its allocable share of expenses and that the plaintiff's failure to comply was a bar to the action. The Court rejected this argument, stating: "The lease agreement could have provided that failure to comply with section 3 constitutes waiver of the landlord's claim for additional rent * * * It did not. Accordingly, compliance with the provisions of section 3 of the lease is not a condition precedent to commencement of the instant action" *(Goldstein v City of New York, supra,* at 315).

Here, too, there is nothing in the language of Paragraph 5 of the rider which would indicate that Mahopac would be completely relieved from paying its share of the annual tax increases in the event the landlord failed to notify it by February 1 of the amount of its share.

It is well settled that a court should not, "under the guise of interpretation, make a new contract for the parties" *(Rodolitz v Neptune Paper Prods.,* 22 NY2d 383, 386; *see also, 8-14 W. 38th St. Corp. v W. & J. Sloane,* 181 AD2d 545), and that, in interpreting a lease, a court "must examine the purposes of the parties and the rights and obligations created thereby" *(Matter of Riverview Apts. Co. v Golos,* 97 AD2d 917, 919). By interpreting a condition precedent into the tax escalation clause herein, the majority has diluted the essential purpose of the clause, which is "to pass on to the tenant the proportionate share of increases in real estate taxes" *(see, Credit Exch. v 461 Eighth Ave. Assocs.,* 69 NY2d 994).

Accordingly, I would find, contrary to the majority, that the tenant's obligation to pay its share of the annual tax increases was not conditioned upon the giving of the notice by February 1 of each year. Moreover, I would find that the Supreme Court erred in finding the plaintiff's claim to be barred by waiver or equitable estoppel.

The court erred in finding waiver because the lease explicitly stated that waivers had to be in writing. The defendants presented no evidence of any explicit waiver, written or otherwise.

The court also erred in finding laches. In order to invoke the doctrine of laches there must be, among other things, a lack of knowledge by the party in breach that a claim would

be made against it and prejudice to that party *(see, Dwyer v Mazzola,* 171 AD2d 726). In this case, the defendants failed to adduce any evidence to support the claim that they were prejudiced by the inability to pass any rent increases on to the subtenants.

Finally, the court erred in finding equitable estoppel since estoppel requires conduct which amounts to a false representation or concealment of material facts, and an intention that such conduct will be acted upon by the other party and knowledge of the true facts *(see, Matter of Benincasa v Garrubbo,* 141 AD2d 636). Here, there is no evidence that the plaintiff's assignor knew that the plaintiff would bring a claim for rent and that he intentionally did not seek rents in order that Mahopac would not pass on the rents to the subtenants.

Accordingly, I would reverse the order appealed from, and grant summary judgment to the plaintiff.