■ KIMBALL PARKER et al., Respondents, v TOWN OF CLARKSTOWN, Appellant. [629 NYS2d 787] —In an action to recover rent due under a lease, the defendant appeals from a judgment of the Supreme Court, Rockland County (Lefkowitz, J.), dated January 21, 1994, which, upon an order of the same court, dated December 10, 1993, granting in part the plaintiffs' motion for summary judgment and denying, in part, the defendant's cross motion for summary judgment, is in favor of the plaintiffs and against it in the principal sum of $23,207.36.

Ordered that the judgment is reversed, on the law, with costs, the order dated December 10, 1993, is vacated, the motion is denied in its entirety, the cross motion is granted in its entirety, and the complaint is dismissed.

The defendant-sublessee Town of Clarkstown (hereinafter

the Town) entered into a 10-year lease with the sublessor Adler Waldron Associates which commenced on January 1, 1983. The lease provided that "the rentals * * * shall [be] increased in the event there is any increase" in the Consumer Price Index (hereinafter CPI). The lease further provided that the sublessor would provide the Town with the CPI in effect on March 1, 1983, and "any subsequent Cost of Living Index calling for an increase in the rental" as well as "a computation of the amount that said rent is increased". The Town was obligated to pay the increase upon receiving notice of the increase from the sublessor.

The sublessor assigned the sublease to the plaintiffs in January 1991. The lease expired on December 31, 1992, without any demand from the plaintiffs or their assignors for rent increases based on the CPI.

On April 30, 1993, the plaintiffs served the Town with a Notice of Claim demanding rent increases totalling $27,286.25 based on the CPI in effect on March 1 of each year from 1983 to 1991, inclusive. In July 1993 the plaintiffs commenced this action to recover the increased rent allegedly due under the lease.

Upon the motion and cross motion for summary judgment, the Supreme Court concluded that the action was time-barred as to any increase for the period prior to April 30, 1987, but that the plaintiffs were entitled to recover rent increases which accrued after that date. Although the Supreme Court did not expressly address the issue, it impliedly rejected the Town's argument that the action was barred by Town Law § 65 (3).

As the Supreme Court correctly concluded, this action is subject to a six-year Statute of Limitations (see, CPLR 213). CPLR 206 (a) provides that where a demand is necessary to entitle a person to commence an action, the time within which the action must be commenced shall be computed from the time when the right to make the demand is complete (see, CPLR 206 [a]; Woodlaurel, Inc. v Wittman, 199 AD2d 497). In addition, the Town Law provides that no action arising out of a contract may be maintained against a town unless the action is commenced within eighteen months after the cause of action accrued or unless a written claim has been filed within six months after accrual (see, Town Law § 65 [3]).

Contrary to the conclusion of the Supreme Court, Town Law § 65 (3) must be read in conjunction with CPLR 206 (a), such that the plaintiffs' causes of action for rent increases accrued within the meaning of Town Law § 65 (3) when their right to demand the increase for each year was complete (i.e., on March

1 of each year). The last CPI increase pursuant to which rent increases were to be computed was effective March 1, 1991, at which time the plaintiffs had a right to demand payment of the rent increase *(see, Woodlaurel, Inc. v Wittman, supra,* at 498). The plaintiffs, however, did not file a notice of claim until April 1993, and did not commence this action until July 1993. Because the plaintiffs did not file a timely notice of claim for any of the rent increases which are the subject of this action and did not commence the action within the time limitations of Town Law § 65 (3), the Town's motion for summary judgment dismissing the complaint should have been granted in its entirety. Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.