■ MATTHEW J. GASPAREK, Appellant, v ANNE E. GASPAREK, Respondent. [646 NYS2d 52] —In a matrimonial action in which the parties were divorced by judgment dated July 26, 1983, the defendant former husband appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated April 18, 1994, which denied his motion for entry of a money judgment for damages allegedly resulting from the former wife's delay in complying with a provision of a stipulation of settlement incorporated but not merged in the divorce judgment which required her to remove her name as a beneficiary of the former husband's pension.

Ordered that the order is affirmed, with costs.

Since the former wife did not default in the payment of a sum of money, the former husband was not entitled to enter a money judgment against her (see, Domestic Relations Law § 244). Mangano, P. J., Rosenblatt, Pizzuto and Hart, JJ., concur.

■ MATTHEW J. GASPAREK, Appellant, v ANNE E. GASPAREK, Respondent. [646 NYS2d 456] —In a plenary action to recover damages for delay in complying with a provision of a stipulation of settlement incorporated but not merged in a judgment of divorce, dated July 26, 1983, the plaintiff appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated February 3, 1995, which, inter alia, granted the defendant's motion to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The action was time-barred by the six-year Statute of Limitations for contract actions (see, CPLR 213 [2]; 206 [a]; Parker v Town of Clarkstown, 217 AD2d 607; Woodlaurel, Inc. v Wittman, 199 AD2d 497; see also, Lopez v Highmount Assocs., 101 AD2d 618, 618-619). The plaintiff's contention that the Statute of Limitations was tolled pursuant to CPLR 205 (a) is unpreserved for appellate review and, in any event, is without merit (see, CPLR 105 [b]). Mangano, P. J., Rosenblatt, Pizzuto and Hart, JJ., concur.