■ SAMUEL WALTON, Doing Business as GAILRACH REALTY COMPANY, Appellant, v EASTERN ANALYTICAL LABS, INC., Respondent. [667 NYS2d 407] —In an action to recover additional rent pursuant to a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered December 2, 1996, as granted that branch of the defendant's motion which was for summary judgment dismissing so much of the first cause of action as seeks payment of additional rent for the period 1990 through 1993.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1984 the plaintiff landlord and the defendant tenant entered into a lease whereby the defendant agreed to pay additional rent based on increases in the plaintiff's operating expenses over and above the operating expenses in the base year of 1984. After two extensions, the lease expired on October 31, 1995.

Until February 1995, the plaintiff never submitted to the defendant "a statement showing the computation of the proportionate increase in operating expenses", "after the end of each calendar year" as required by the lease. As such, the plaintiff failed to perform a condition precedent pursuant to the terms of the lease. Therefore, the defendant was not liable for the additional rent due for the period 1990 through 1993 (see, Wood-laurel, Inc. v Wittman, 199 AD2d 497; Winfield Capital Corp. v Mahopac Auto Glass, 208 AD2d 715).

We note that the plaintiff does not challenge so much of the Supreme Court's order as found that it is barred by the Statute of Limitations from seeking recovery of the additional rent for the period 1985 through 1989. Thompson, J. P., Santucci and Joy, JJ., concur.

Pizzuto, J., dissents and votes to reverse the order insofar as appealed from and deny that branch of the defendant's motion which is for summary judgment dismissing so much of the first cause of action which is to recover additional rent for the period 1990 through 1993, with the following memorandum: The lease between the plaintiff landlord and the defendant tenant contained the following provision:

"The Tenant agrees to pay as and for additional rent during the term of this lease and any and all renewals, extensions, and modifications thereof 14.8% of any increase in the Operating Expenses of the Bethpage Professional Building over and above the Operating Expenses in the Base Year.

"It is agreed that for the purpose of the preceding paragraph, the Base Year represents the calendar year 1984.

"After the end of each calendar year, the Landlord will submit a statement showing the computation of proportionate increase in operating expenses, as herein above provided.

"Within 15 days after receipt of such statement, Tenant shall pay the amount due, which shall be considered as additional rent."

In 1995 the plaintiff submitted a letter and invoices to the defendant indicating the increased operating expenses and the

defendant's proportionate share for the years 1985 through 1993. The plaintiff sought payment of additional rent for the defendant's share of the increased operating expenses pursuant to the lease. When the defendant refused to pay, the plaintiff commenced the present action. The defendant sought summary judgment and dismissal pursuant to CPLR 3211, arguing, essentially, that the complaint is barred by the Statute of Limitations and that the plaintiff failed to perform the condition precedent requiring the submission by the plaintiff of "a statement showing the computation of the proportionate increase in the operating expenses". It is the defendant's position, *inter alia,* that the lease required the plaintiff's statement to be submitted to the defendant prior to the end of the year following the year for which the additional rent is claimed. The Supreme Court properly dismissed the complaint to the extent that it sought payment for the years 1985 through 1989, as those claims were barred by the six-year Statute of Limitations (*see, Woodlaurel, Inc. v Wittman,* 199 AD2d 497), and the plaintiff does not contest this point. However, the Supreme Court also dismissed so much of the first cause of action which was to recover additional rent for the years 1990 through 1993, stating that "the landlord failed to comply with a condition precedent, namely the requirement to provide a computation at the end of each calendar year through 1993".

Contrary to the Supreme Court's decision, the lease here does not require the plaintiff to supply the required statement *at* the end of each calendar year. It clearly provides that the statement must be provided *after* the end of each year. "A court should not, under the guise of contract interpretation, 'imply a term which the parties themselves failed to insert' or otherwise rewrite the contract" (*Lui v Park Ridge at Terryville Assn.,* 196 AD2d 579, 581, quoting *Mitchell v Mitchell,* 82 AD2d 849). Also, "[t]he general rule is that it must clearly appear from the contract itself that the parties intended a provision to operate as a condition precedent (*see,* 22 NY Jur 2d, Contract, § 234)" (*Lui v Park Ridge at Terryville Assn., supra,* at 582). While the plaintiff's submission of the additional rent statement to the defendant may be a condition precedent (*see, Winfield Capital Corp. v Mahopac Auto Glass,* 208 AD2d 715; *Woodlaurel, Inc. v Wittman, supra),* there is no provision in the lease requiring that the additional rent statements be submitted *at* the end of the calendar year.

By granting summary judgment to the defendant here, the majority is concluding that the lease unambiguously, and as a matter of law, requires the plaintiff to submit the additional

rent statements to the defendant prior to the end of the year subsequent to the year for which the additional rent is due. This limitation is an arbitrary one chosen by the court, and does not appear in the lease (*compare, Winfield Capital Corp. v Mahopac Auto Glass, supra* [lease required submissions of increased taxes to tenant "prior to February 1" of each year]). Here, the time within which the plaintiff must submit the additional rent statement to the defendant is limited only by the Statute of Limitations, which begins to run at the end of each year, when the landlord possesses the right to submit the statement and make the demand for payment (*see, Woodlaurel, Inc. v Wittman, supra; Yeshiva Univ. Dev. Found. v Consultants & Designers,* 60 AD2d 525).

It is noteworthy that in *Woodlaurel, Inc. v Wittman (supra),* a case relied upon by the majority, under facts similar to those presented here, the tenant cross-moved for summary judgment on the ground that the landlord's claim for certain tax increases was barred by the Statute of Limitations and that the landlord had failed to comply with the condition precedent of submitting proper statements to the tenant regarding the tax increases. The Supreme Court, Nassau County, granted the tenant's motion for summary judgment with regard to those claims which were barred by the Statute of Limitations, just as was done here, but otherwise denied the tenant's motion. This Court affirmed.

The tenant in *Woodlaurel* did not appeal from the portion of the Supreme Court's decision which denied summary judgment to her for those claims not barred by the Statute of Limitations. However, if this Court believed that the landlord's demand for the tax increases had to be made before the end of the year subsequent to the year for which the tax increase was sought, we could have searched the record and granted the tenant's motion for summary judgment on that ground (*see, Sheehan v State Farm Fire & Cas. Co.,* 239 AD2d 486). We did not. Furthermore, this Court affirmed the denial of summary judgment to the landlord in *Woodlaurel* because the documents the landlord submitted to the tenant in connection with its demand for tax increases did not establish the amount of increased taxes due and the lease lacked a base year from which to calculate the increases. Neither circumstance exists here. Thus, on authority of *Woodlaurel,* if anyone is entitled to summary judgment here, it would be the plaintiff landlord, not the defendant tenant.

■ MAGGIE B. WARNER and Another, Infants, by Their Mother and Natural Guardian, DOROTHY WARNER, et al.,