■ MEL WEISBLATT, Appellant, v SAMUEL SCHWIMMER et al., Respondents. [670 NYS2d 891] —In an action, *inter alia*, to recover a security deposit on a commercial lease, and to recover damages for loss of business and injury to property, the plaintiff tenant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated February 11, 1997, as granted that branch of the defendants' motion which was for summary judgment dismissing his cause of action to recover damages for loss of business and injury to property, denied his cross motion, in effect, to dismiss the defendants' counterclaim for additional rent, and granted the defendants leave to amend their counterclaim.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied the appellant's cross motion and granted the defendants leave to amend the counterclaim and substituting therefor provisions granting the cross motion and dismissing the counterclaim; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to the terms of the parties' lease, the plaintiff tenant was required to pay, *inter alia*, 12% of the defendant landlord's annual real estate taxes, and one-twelfth of the common operating costs of the leased premises. The lease further provided that the landlord was required to forward to the ten-

ant a copy of the tax bill or estimated tax bill with respect to the tax lot, so the tenant could calculate the additional rent. The landlord was also required to advise the tenant of the common operating costs for each calendar year "[p]rior to the beginning of each calendar year".

In a prior summary proceeding in the Justice Court of the Town of Clarkstown, among other things, the landlord's claim for those charges was dismissed after a nonjury trial, on the ground that the landlord failed to establish that the required notices of the real estate taxes and common operating costs were sent to the tenant. The Appellate Term for the Ninth and Tenth Judicial Districts modified that determination to provide, *inter alia*, that the dismissal of the claim for those charges was without prejudice to recovery in a plenary action.

Thereafter, the defendants served an amended answer in the instant action, asserting a counterclaim for those charges, and moved for summary judgment on, among other things, the counterclaim. In support of their motion, the defendants cited the trial record in the Justice Court, and relied on exhibits with no probative value as to whether timely notice was, in fact, given. The tenant cross-moved, in effect, to dismiss the counterclaim, on the ground that it had previously been rejected by the Justice Court. The Supreme Court denied the motion and the cross motion, and granted the defendants leave to amend their counterclaim to characterize the nature of the counterclaim as something other than "additional rent".

It is apparent from this record that the landlord failed to satisfy conditions precedent to the tenant's obligation to pay these charges. Accordingly, the tenant is not obligated to pay those charges, and the defendants' counterclaim for these charges must be dismissed (*see, Walton v Eastern Analytical Labs*, 246 AD2d 532; *Winfield Capital Corp. v Mahopac Auto Glass*, 208 AD2d 715; *Woodlaurel, Inc. v Wittman*, 199 AD2d 497). The fact that the cause of action is asserted in a plenary action rather than a summary proceeding is not significant. Nor would denominating the counterclaim for those charges as something other than "additional rent" render the tenant liable. Accordingly, the Supreme Court improperly granted the defendants leave to amend the counterclaim, since it was patently without merit (*see, Citrin v Royal Ins. Co.*, 172 AD2d 795).

The tenant's cause of action for damages for loss of business and injury to property was barred by the terms of the lease.

The parties' remaining contentions are unpreserved for appellate review, without merit, or need not be addressed in light

of our determination. Ritter, J. P., Thompson, Goldstein and McGinity, JJ., concur.