■ TOPS MARKETS, Doing Business as TOPS CONSTRUCTION SERVICES, Respondent, v S&R COMPANY OF WEST SENECA, Appellant, et al., Defendants. [713 NYS2d 796] —Order and judgment unanimously affirmed with costs. Memorandum: Prior to the joinder of issue, S&R Company of West Seneca (defendant) moved to dismiss the second amended complaint and plaintiff cross-moved for summary judgment. Supreme Court properly treated the motion as one for summary judgment, denied the motion and granted the cross motion. We reject the contention of defendant that it did not receive notice, as required by CPLR 3211 (c), of the court's intention to treat its motion as a motion for summary judgment. Such notice is not required where, as here, the action involves purely legal issues rather than factual issues (*see, Shah v Shah*, 215 AD2d 287, 289; *cf., Mihlovan v Grozavu*, 72 NY2d 506, 508), defendant expressly requested summary judgment (*see, Wein v City of New York*, 36 NY2d 610, 620-621; *see also, Shah v Shah, supra*, at 289) and "both sides deliberately charted a summary judgment course" (*Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 255; *see, Weichert v Kimber*, 229 AD2d 998, 999).

The court properly determined that the amendment to section 3.1 (i) of the lease, giving plaintiff the "right to abate the entire Fixed Rental until [plaintiff] has been reimbursed for the full amount of the Construction Allowance [by defendant]", extinguished plaintiff's obligation to pay the Fixed Rental until defendant paid the Construction Allowance in full (*see, Dollar Land Corp. v Woolworth Co.*, 48 AD2d 373, 376, *appeal dismissed* 38 NY2d 997). We reject defendant's contention that the court's interpretation of the amendment to section 3.1 (i) of the lease results in the imposition of an unenforceable penalty (*see generally, Truck Rent-A-Center v Puritan Farms 2nd*, 41 NY2d 420, 424-425). Under the terms of that amended section, as interpreted by the court, defendant is not penalized for its

breach of the obligation to pay the full amount of the Construction Allowance. Rather, payment of the Construction Allowance by defendant is simply a condition precedent to plaintiff's obligation to pay rent (*see, Weisblatt v Schwimmer,* 249 AD2d 297, 298). (Appeal from Order and Judgment of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Kehoe and Balio, JJ.