SCOTT R. CONGEL et al., Appellants, v TOPS MARKETS, INC., Respondent. (Appeal No. 1.) [743 NYS2d 796] —Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered June 5, 2001, which, inter alia, granted defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action to recover rent paid to defendant's former landlord between June 1997 and August 1999 pursuant to an assignment and assumption of lease agreement (agreement). Plaintiffs allege that they made those payments under the mistaken belief that their obligation to pay rent under the agreement arose in June 1997, when in fact the effective date of the agreement was August 1999. Supreme Court properly denied plaintiffs' motion for summary judgment on the causes of action alleging unjust enrichment and seeking restitution for rental payments mistakenly made and granted defendant's cross motion for summary judgment dismissing the complaint. Plaintiffs obtained the benefit for which they bargained when they took possession of the leased premises in June 1997 and therefore are not entitled to the return of rental payments that they made thereafter (*see Gargiulo v Oppenheim,* 63 NY2d 843, 846). Moreover, defendant changed its position when it surrendered the leased premises in May 1997 and has not been unjustly enriched as the result of plaintiffs' alleged mistake (*see Paramount Film Distrib. Corp. v State of New York,* 30 NY2d 415, 421-422, *mot to amend remittitur granted and rearg denied* 31 NY2d 709, *cert denied* 414 US 829). In any event, plaintiffs' recovery based on quasi-contract or unjust enrichment is precluded by the existence of the parties' written agreement, which governs plaintiffs' obligation to pay rent (*see Eagle Comtronics v Pico Prods.,* 256 AD2d 1202, 1202-1203). Finally, we reject plaintiffs' contention that defendant is judicially estopped from asserting that the effective date of the agreement is June 1997 rather than August 1999. There is no inconsistency between that position and the position taken by defendant in *Tops Mkts. v S&R Co. of W. Seneca* (275 AD2d 988), related litigation between defendant and a partnership in which plaintiffs are general partners. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.