■ RAY EVANS et al., Respondents, v FAMOUS MUSIC CORPORATION, Appellant. [754 NYS2d 259] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered August 14, 2002, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the breach of contract cause of action and granted plaintiffs' cross motion for partial summary judgment as to liability on their breach of contract claim, unanimously reversed, on the law, without costs, plaintiffs' cross motion for partial summary judgment denied and summary judgment dismissing the breach of contract cause of action granted.

Plaintiffs Ray Evans, Ginny Mancini, John L. Mercer, Amanda Mercer Neder, The Johnny Mercer Foundation, Margaret Whiting and Barbara Whiting Smith are composers, songwriters and musicians, or their heirs, assigns and successors in interest. Defendant Famous Music Corporation (Famous), a wholly owned subsidiary of Viacom, Inc., is a music publishing company which has entered into various contracts with plaintiffs and/or their predecessors in interest, inter alia, for the payment of royalties.

At issue are six contracts each containing a standard provision that the artist is to receive an amount equal to 50% of "all net sums actually received" by Famous, less all expenses and charges and less all deductions for taxes. Pursuant to these contracts, Famous licensed the use of the plaintiffs' compositions in various forms throughout the world through its subpublishers. In exchange for a fee, these foreign subpublishers administer Famous's catalog of songs and collect royalties for uses in their respective countries. After deducting their fees and the taxes imposed by the foreign jurisdictions, the foreign subpublishers remit to Famous the balance, generally on a

semi-annual basis. It is undisputed that Famous had paid the plaintiffs 50% of the amount it had received from its foreign subpublishers. However, plaintiffs contend, inter alia, that Famous regularly received a foreign tax credit for such payments on its United States income tax and that Famous breached its contractual obligation to reimburse them for their proportional share of monies recouped from credits Famous received against the payment of foreign taxes.

Plaintiffs commenced the instant action, alleging breach of contract, unjust enrichment and "money had and received" by Famous. Famous interposed an answer asserting affirmative defenses based on a failure to state a cause of action, statute of limitations and the doctrine of laches, estoppel and waiver. Subsequently, Famous moved for summary judgment and plaintiffs cross-moved for partial summary judgment on their breach of contract claim.

In granting partial summary judgment to plaintiffs, the motion court found, inter alia, that the subject contracts clearly and unambiguously required Famous to share with plaintiffs the benefit of any foreign tax credit that may have been received by virtue of the payment of foreign taxes on the royalty income generated by plaintiffs' compositions. In particular, the motion court found that the contractual term "all net sums actually received" encompassed all monies and other value received by Famous, including the benefit of all credits for foreign tax payments. The motion court further determined that it was the intention of the parties that the artist would receive half the net profit realized by Famous after the deduction of amounts disbursed to cover the taxes Famous was to pay on the gross receipts. Since Famous deducted the foreign tax payments from the gross receipts when calculating the "net sums" upon which plaintiffs' royalty payments are based, the motion court concluded that plaintiffs were underpaid and that such underpayment constituted a breach of the contracts' payment clauses. We reverse.

It is well settled that a court may not, under the guise of interpretation, fashion a new contract for the parties by adding or excising terms and conditions if to do so would contradict the clearly expressed language of the contract (*see Rodolitz v Neptune Paper Prods.*, 22 NY2d 383, 386-387; *8-14 W. 38th St. Corp. v W. & J. Sloane, Inc.*, 181 AD2d 545, 546). In the instant matter, the motion court's findings contradict the clearly expressed language of the subject contracts inasmuch as the benefit of any foreign tax credit was not contemplated by the parties. Although it is argued that the contractual language

entitles plaintiffs to half the value of any benefit of a foreign tax credit, the specific language of these contracts specifically identifies and delineates all of the royalties in which plaintiffs are entitled to share. Under fundamental principles of contract interpretation, the failure to identify the foreign tax credit benefit indicates that such benefit was not envisioned by the parties to be an intended term in any of the subject contracts (*see Uribe v Merchants Bank of N.Y.*, 91 NY2d 336; *Surge Licensing v Copyright Promotions*, 258 AD2d 257). Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Lerner, JJ.