■ REPUBLIC NATIONAL BANK OF NEW YORK, Appellant, v OLSHIN WOOLEN CO. INC. et al., Respondents. (And Other

Actions.) [758 NYS2d 45] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered May 9, 2002, which granted defendants' motion for an order, inter alia, staying and restraining plaintiff from declaring a default, and further declaring that defendants have satisfied their contractual obligations, on the condition defendants remit to plaintiff $10,000 in addition to the monies owed, unanimously reversed, on the law and the facts, without costs, the order vacated in its entirety, and the motion denied.

It is well settled that a court may not, under the guise of interpretation, fashion a new contract for the parties by adding or excising terms and conditions which would contradict the clearly expressed language of the contract (*Rodolitz v Neptune Paper Prods.*, 22 NY2d 383, 386-387 [1968]; *Evans v Famous Music Corp.*, 302 AD2d 216 [2003]). Moreover, where the parties' intent is clear and unambiguous from the language employed on the face of the contract, the court may not resort to parol evidence (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]; *Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal*, 283 AD2d 284, 288 [2001]).

In the matter before us, the parties had entered into a valid letter agreement requiring, inter alia, that defendants make a final payment to plaintiff of a sum certain, plus interest, on March 24, 2002. That obligation was not met by defendants and the record is devoid of any written evidence that plaintiff agreed to accept payment at a later date. Defendants' argument that plaintiff had agreed in a telephone conversation to grant the extension, which is denied by plaintiff in any event, is unavailing in view of the written agreement. Moreover, the record contains a letter from plaintiff to defendants, dated April 9, 2002, in which plaintiff unequivocally states that no extension was, or would be, granted. Accordingly, defendants were in default of the agreement.

We have considered defendants' remaining arguments and consider them to be without merit. Concur—Nardelli, J.P., Tom, Mazzarelli, Andrias and Saxe, JJ.