■ 223 WEST CORP., Appellant-Respondent, v B & D LEISTNER PROPERTIES et al., Respondents-Appellants. [801 NYS2d 28]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered December 30, 2004, which granted plaintiff's motion for summary judgment to the extent set forth in an order of the same court and Justice entered February 10, 2004, holding, inter alia, that plaintiff would be entitled to a declaration that it is not liable for certain real estate tax escalation increases billed by the City in tax years 2000/2001 and ensuing years to

the extent such taxes were based on the increase in the assessed value of the building in tax year 2000/2001, and confirming a referee report dated June 2, 2004 holding that the amount of taxes due from plaintiff pursuant to the tax escalation clause of the parties' lease for tax years 2000/2001 through June 30, 2004 was $20,313.48, and that for the tax years prior to 2000/2001, plaintiff owes $3,372.82, unanimously affirmed, without costs.

The motion court correctly found that a tax escalation clause such as the one at issue will not be read to impose responsibility on a tenant for "increases in real estate taxes resulting from improvements on the property redounding solely to the benefit of the landlord," and the addition of new floors to a building is considered such an improvement (*see Credit Exch. v 461 Eighth Ave. Assoc.*, 69 NY2d 994, 997 [1987]). The city assessor responsible for the key 2000/2001 assessment of the subject property unambiguously testified that he had assessed plaintiff's unit as a percentage of the building as a whole and that virtually the entire 2000/2001 assessment increase had been due to defendants' addition of four new floors and their conversion of the building to a residential condominium. Inasmuch as those improvements redounded solely to the benefit of defendants, plaintiff was properly granted summary judgment declaring that it is not liable for a share of the increased assessments for the building in that year or the years following. On the other hand, plaintiff bargained to treat the land separately from the building for tax escalation liability purposes and the record supports the referee's conclusion, confirmed by the motion court, that plaintiff's liability in this regard extended to the land as improved by a three-story building, which, by the 2000/2001 tax year, had been converted to lots 1201, 1202 and 1203. The record also supports the referee's conclusion as to tax years prior to 2000/2001. We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Friedman, J.P., Marlow, Gonzalez and Catterson, JJ.