Order, Supreme Court, New York County (Anil C. Singh, J.), entered on or about September 16, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff’s summary judgment motion for a declaration that it has no real estate tax liability resulting from any increase in assessed value due to improvements that solely benefit defendant landlord, and granted defendant landlord’s motion for summary judgment and declared that plaintiff was obligated to pay *590 40% of the increase in real estate taxes over the 2009 base year, unanimously reversed, on the law, with costs, defendant’s motion denied, plaintiff’s motion granted to declare that plaintiff’s tax liability does not include increases based on the increased valuation of the building due to improvements solely benefitting the landlord, and the matter remanded for a determination as to the extent, if any, the improvements caused the tax increases and whether, or to what extent, such improvements solely benefit the landlord.
The Court of Appeals has made clear that “[i]t is not the aim of. . .a [tax escalation] clause ... to impose upon the tenant responsibility for increases in real estate taxes resulting from improvements on the property redounding solely to the benefit of the landlord” (Credit Exch. v 461 Eighth Ave. Assoc., 69 NY2d 994, 997 [1987]; see also 223 W. Corp. v B & D Leistner Props., 21 AD3d 810, 811 [1st Dept 2005] [“a tax escalation clause such as the one at issue will not be read to impose responsibility on a tenant for ‘increases in real estate taxes resulting from improvements on the property redounding solely to the benefit of the landlord’ ”]).
The motion court incorrectly found that this principle was limited to circumstances where the improvement involved a vertical or horizontal enlargement of the building. That both Credit Exchange and 223 W. Corp. included expansions of the number of floors in the respective buildings does not limit the application of the principle to those facts. Indeed, in 223 W. Corp., part of the improvement which fell under this rubric was the “conversion of the building to a residential condominium.” (Id.) The improvement at issue is a renovation solely of the residential aspects of the building. Plaintiff is a commercial tenant. Our declaration here simply states the well settled principle regarding tax escalation clauses.
We have examined defendant’s remaining arguments and find them unavailing.
Concur — Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.