Town of Mexico v County of Oswego (2019 NY Slip Op 06242)





Town of Mexico v County of Oswego


2019 NY Slip Op 06242


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


243 CA 18-01946

[*1]TOWN OF MEXICO, PLAINTIFF-APPELLANT,
v
COUNTY OF OSWEGO AND COUNTY OF OSWEGO HIGHWAY DEPARTMENT, DEFENDANTS-RESPONDENTS. 






BOND, SCHOENECK & KING, PLLC, SYRACUSE (DANIEL J. PAUTZ OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
PETER M. RAYHILL, COUNTY ATTORNEY, OSWEGO (RICHARD C. MITCHELL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Oswego County (James W. McCarthy, J.), entered April 6, 2018. The judgment granted the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in part and reinstating the breach of contract cause of action insofar as it alleges that defendants waived the 30-day billing deadline, and as modified the judgment is affirmed without costs.
Memorandum: In this action to recover damages for, inter alia, breach of contract, plaintiff appeals from a judgment granting defendants' pre-answer motion to dismiss the complaint. In November 2016, plaintiff entered into a contract with defendant County of Oswego Highway Department pursuant to which plaintiff agreed to provide snow and ice removal services on certain county roads. Article 4 of the contract included a billing deadline clause that required plaintiff to submit to defendant County of Oswego (County) all invoices within 30 days of the work and services performed. It further provided that: "Any compensation for the work and services performed and submitted after the [30-day] billing deadline shall be deemed to be forfeited by [plaintiff]." Plaintiff performed approximately $26,000 worth of snow and ice removal services during the month of December 2016, but did not submit the invoices for that month until February 9, 2017. The County refused to reimburse plaintiff on the ground that the invoices were not submitted within the requisite 30 days. Plaintiff commenced this action against defendants, asserting causes of action for breach of contract and unjust enrichment. With respect to the breach of contract cause of action, plaintiff alleged in its complaint that defendants had waived the 30-day billing deadline clause by previously accepting late invoices under the current contract and prior agreements with identical provisions and that the billing deadline clause constituted an unenforceable penalty. Before answering, defendants moved to dismiss the complaint based on, inter alia, documentary evidence (see CPLR 3211 [a] [1]). Supreme Court granted the motion on that basis, and plaintiff appeals.
"When a court rules on a CPLR 3211 motion to dismiss, it must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [the] plaintiff[] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory' " (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s]" (Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182 [4th Dept 2017] [internal quotation marks omitted]).
Contrary to plaintiff's contention, the court properly granted the motion with respect to [*2]the unjust enrichment cause of action inasmuch as the documentary evidence established as a matter of law that a valid and enforceable contract exists between the parties (see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572 [2005]; see also Auble v Doyle, 38 AD3d 1264, 1266 [4th Dept 2007]).
With respect to the breach of contract cause of action, we reject plaintiff's contention that the billing deadline clause is an unenforceable penalty and conclude that the clause is instead an enforceable condition precedent to plaintiff's right to payment (see Tops Mkts. v S & R Co. of W. Seneca, 275 AD2d 988, 988-989 [4th Dept 2000]; see generally 1029 Sixth v Riniv Corp., 9 AD3d 142, 149-150 [1st Dept 2004], lv dismissed 4 NY3d 795 [2005]; Weisblatt v Schwimmer, 249 AD2d 297, 298 [2d Dept 1998]). We agree with plaintiff, however, that the court erred in granting defendants' motion with respect to that cause of action insofar as it alleges that defendants waived the 30-day billing deadline, and we therefore modify the judgment accordingly. Although the contract unambiguously provided a 30-day billing deadline, the complaint alleged that the County had previously accepted invoices submitted past the 30-day deadline and thus that defendants had waived the 30-day provision. It is well settled that the abandonment of a contractual right " may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage' " (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]). Whether a party intended to waive a contractual right is a question of fact (see id.) and, in our view, the documentary evidence submitted in support of defendants' motion failed to "utterly refute . . . plaintiff's factual allegations [that defendants waived the 30-day billing deadline clause] or conclusively establish a defense as a matter of law" (Vassenelli v City of Syracuse, 138 AD3d 1471, 1473 [4th Dept 2016] [internal quotation marks omitted]). Additionally, contrary to defendants' contention, the fact that the 30-day billing deadline clause is unambiguous does not change this result. In its complaint, plaintiff does not challenge the plain meaning of the billing deadline clause, but rather asserts that defendants, through their conduct, waived a contractual right that "but for the waiver, would have been enforceable" (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982], rearg denied 57 NY2d 674 [1982]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court