IRWIN KOTCHER, Respondent, *v.* LUCIUS A. EDELBLUTE, as Executor of MARGARET KENNEDY, Deceased, et al., Appellants.

(Argued November 22, 1928; decided December 31, 1928.)

*William Byrd* and *Charles D. Miller* for appellants. The option to purchase contained in the lease was an irrevocable offer by the landlord to sell the demised premises to the tenant upon the terms therein stated, on or before the 1st day of October, 1926, and contemplated acceptance by a counter-promise or by conduct from which a counter-promise could be implied. (*Ganss* v. *Guffey Petroleum Company*, 125 App. Div. 760; *Benedict* v. *Pincus*, 191 N. Y. 377; *Stanley* v. *Gannon*, 109 Misc. Rep. 611; 192 App. Div. 915; *Lewis* v. *Bollinger*, 115 Misc. Rep. 221; *Matter of City of New York* [*Upper New York Bay*], 246 N. Y. 1; *Hamilton College* v. *Roberts*, 223 N. Y. 56; *Bullock* v. *Cutting*, 155 App. Div. 825; *Linn* v. *McLean*, 80 Ala. 360; *Perry* v. *Paschal*, 103 Ga. 134; *Castle Creek Water Co.* v. *Aspen*, 146 Fed. Rep. 8.) The option was not exercised in time. No contract of sale was made. This is true whether the option to purchase contemplated acceptance by counter-promise or by act on the part of the plaintiff. (*Codding* v. *Wamsley*,

1 Hun, 585; 60 N. Y. 644; *Smith's Appeal*, 69 Penn. St. 474; *Life Preserver Suit Co.* v. *National Life Preserver Co.*, 252 Fed. Rep. 139; *White* v. *Corlies*, 46 N. Y. 467; *Chicago & Great Western Ry. Co.* v. *Dane*, 43 N. Y. 240; *Petterson* v. *Pattberg*, 248 N. Y. 86.) There is no question of waiver or estoppel in this case. (*Noble* v. *Higgins*, 214 App. Div. 135; 243 N. Y. 538; *Page* v. *Shainwald*, 169 N. Y. 246; *Roblee* v. *Masonic Life Assn.*, 38 Misc. Rep. 481; 95 App. Div. 620; *Kelsey* v. *Crowther*, 162 U. S. 404; *Kew* v. *Purdy*, 50 Barb. 24; 51 N. Y. 629; *Stokes* v. *Carpenter*, 166 App. Div. 441; *Tilton* v. *Sterling Coal Co.*, 28 Utah, 173; *Merritt* v. *Joyce*, 117 Minn. 235; *Abbott* v. *'76 Land & Water Co.*, 53 Pac. Rep. 445; *Mason* v. *Payne*, 47 Mo. 517; *Sherwood* v. *Tucker*, L. R. 2 Ch. 440; *Pettit* v. *Tourison*, 283 Penn. St. 529; *Woodall* v. *Clifton*, L. R. 2 Ch. 257.)

*Stanley C. Fowler* and *Ralph O. L. Fay* for respondent. The period during which plaintiff might exercise his option did not begin to run until he was given possession of the premises. (*Strassbourger* v. *Leerburger*, 223 N. Y. 55; *Crary* v. *Smith*, 2 N. Y. 60; *Bruce* v. *Tilson*, 25 N. Y. 194; *Farley* v. *Secor*, 167 App. Div. 80; *McLear* v. *Balmat*, 194 App. Div. 827; 231 N. Y. 548; *Pittsburg Amusement Co.* v. *Ferguson*, 100 App. Div. 453; *Pitts* v. *Davey*, 40 Misc. Rep. 96; *Austin* v. *Tawney*, L. R. 2 Ch. 143; *Lilford* v. *Keck*, 30 Beav. 295; *Blodgett* v. *Lanyan Zinc Co.*, 120 Fed. Rep. 893; *Page* v. *Hughes*, 41 Ky. 430; *Keyport Brick, etc., Co.* v. *Lorillard*, 19 Atl. Rep. 381; *Mansfield* v. *Hodgdon*, 147 Mass. 304.)

LEHMAN, J. In May, 1924, Margaret Kennedy signed and delivered a lease of two houses owned by her. The term of the lease was five years beginning October 1st, 1924. The lease contained a clause that the lessee " shall have the right to purchase said premises in fee at any time during the first two years of this lease for thirty-six

thousand dollars." Margaret Kennedy, at the time she signed the lease, was seventy-six years old. She was feeble in body, although sound in mind. She was suffering from diabetes which had reached an advanced stage. She died in the Home for Incurables in July, about two months after she signed the lease. She had not informed her usual legal advisers that she had executed a lease. Notice of the existence of such a lease was conveyed to them only when plaintiff asked for possession of the premises. A temporary administrator of Margaret Kennedy's estate was appointed in March, 1925. Until that time no person was authorized to represent her estate, and at all times the residuary legatee named in the will, her personal representatives and those caring for the estate have denied that the lease was executed by her.

In May, 1926, the plaintiff began this action for specific performance of the lease. At that time the plaintiff had given no notice of any kind that he elected to purchase the premises in accordance with the terms of the option. Even in the complaint in this action, he gave no notice that he desired to avail himself of the option, and asked no conveyance of the premises. The action came to trial in March, 1927. Until then the plaintiff had not in any way bound himself to purchase the premises. More than two years had then passed since the beginning of the stipulated term of the lease.

At the trial the plaintiff stated that he elected to exercise his option. The justice presiding at the trial decided the issues raised by the complaint and answer in favor of the plaintiff. He decreed specific performance as prayed for in the complaint, and the defendants were ordered to account for the rents and profits received since October 1st, 1924, the beginning of the term of the lease. He held that the attempted exercise of the option by the plaintiff at the trial came too late. The option, by its terms, had then expired. No decree of specific performance could change the stipulated terms.

Upon appeal the Appellate Division modified the judgment by inserting a provision that "the defendants convey to the plaintiff herein, upon demand made by such plaintiff within a reasonable time after the entry of this judgment, the premises described in said lease, upon the terms and condition in said lease contained." The court held, in effect, that acceptance by the plaintiff of the offer to convey, in accordance with the terms of the option, had been waived, because the personal representatives and the residuary legatee of the lessor had repudiated the whole lease; and under such conditions a notice that the plaintiff elected to avail himself of the option, which constituted one of the provisions of the lease, would have been a mere gesture, a vain and empty thing.

The plaintiff acquired by the lease certain rights. The courts may by its decree enforce those rights. That the court at Special Term has done. The court may not increase or change those rights. That can be accomplished only by the parties themselves. The owner of the premises gave to the plaintiff for a valuable consideration an option to purchase the premises within two years of the beginning of the term. The offer to convey in accordance with the terms of the option was irrevocable, but unless and until the plaintiff bound himself to purchase the premises in accordance with the terms of the option, the owner was not under any obligation to convey. The offer was never accepted in accordance with the terms of the option. No obligation to convey has ever arisen under the terms of the lease. The effect of the modification of the judgment by the Appellate Division is to create such an obligation, if "within a reasonable time" the plaintiff chooses to demand performance.

"If a man binds himself to do certain acts which he afterwards renders himself unable to perform, he thereby dispenses with the performance of conditions precedent to the act which he has so rendered himself unable to

perform." (*Sands* v. *Clarke*, 8 C. B. 751.) It is said that performance, by one party to a contract, of stipulated acts, which constitute condition precedent to performance of a counter-promise, is waived where the other party to the contract has unequivocally declared by word or act that performance of the condition precedent will not secure performance of the counter-promise. (Williston on Contracts, section 767.) Actual performance or tender of performance of a condition precedent is, in truth, a vain and useless act under such circumstances. Even in such case, however positive may have been refusal to perform and however insufficient the reason assigned for the refusal, the party in default " cannot be subjected to damages without showing that he would have received what he contracted for, had he performed." (*Bigler* v. *Morgan*, 77 N. Y. 312.)

The rule that a promisee shall not be required to perform a condition precedent when it is certain that he will not secure performance of the counter-promise, cannot avail the plaintiff. The option in the lease constituted only an irrevocable offer. No obligation to convey could arise until the offer was accepted. The owner of the premises has protected herself only by the condition that the offer to convey be accepted in certain manner. She has exacted no counter-promise from the plaintiff as consideration for a promise of conveyance by her. " Failure to comply with this condition prior to the date fixed will discharge the contract altogether." (Williston on Contracts, section 1970; 852 and 853.)

It may not be said that notice by the plaintiff that he elected to avail himself of the option would have been a useless act, merely because the defendants had already declared that they would not convey even if the notice were given. The plaintiff received from the owner only a right of election to purchase or not to purchase. The plaintiff has not been wronged, unless the defendants have deprived him of that right. He could exercise his

right of election only by notice, and that he has failed to give. He cannot say that the defendants have wrongfully failed and refused to convey, since they were not under any obligation to convey until he assumed the counter-obligation of payment. Acceptance after the stipulated time creates no obligation on the part of the defendants, for time was of the essence. (*Codding* v. *Wamsley*, 1 Hun, 585; affd., 60 N. Y. 644.) The plaintiff may be in a position to show that if the defendants had not repudiated all obligation under the lease, they would have received from the plaintiff full performance of all his counter-obligations; but the plaintiff was under no obligation to accept and pay for a conveyance of the premises. That depended upon his free choice, and correspondingly the defendants were under no obligation to convey until the plaintiff had made his choice in accordance with the terms of the option. (*Merritt* v. *Joyce*, 117 Minn. 235.)

It is true that where the party granting the option prevents its exercise during the time limited, he may not avail himself of his own wrong, and the grantee of the option has a reasonable time to exercise it after the obstacle has been removed. (*Mansfield* v. *Hodgdon*, 147 Mass. 304; *Blodgett* v. *Lanyon Zinc Co.*, 120 Fed. Rep. 893.) Even repudiation of the option by the grantor does not prevent the grantee from exercising his election. Possibly the plaintiff might have been in a more advantageous position to determine whether he should exercise the option, if he had been in possession of the premises from the beginning of the term of the lease. In spite of such disadvantage, the choice still remained with the plaintiff. Perhaps such disadvantage might be a factor in determining damages in a suit for breach of contract. That question is not before us, and we do not decide it. There can be no doubt here that defendants' refusal to recognize the lease did not prevent the plaintiff from accepting the irrevocable offer to convey contained in the

lease. Indeed, he did attempt tardy acceptance at the trial, before he had been put in possession. The justice presiding at the trial correctly decided that a decree of specific performance of the lease could not include a direction to convey the premises to the lessee under the option contained in the lease, when the lessee had not chosen to avail himself of the option within the time limited.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.