Louis L. Friedman, J.
Defendant moves, in an action for the specific performance of an option to purchase realty, to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action, and on the further *368 ground that the contract is unenforcible under the provisions of the Statute of Frauds. The complaint in substance alleges that on October 11, 1954, plaintiff and defendant entered into a lease which provided “ that at any time up to January 1, 1959 the tenant (plaintiff) shall have the option to purchase the demised premises at the price of $105,000; that any conveyance upon the exercise of this option shall be by bargain and sale deed of the landlord (defendant) that plaintiff exercised the option by notifying defendant that plaintiff was ready, willing and able to take title to the property pursuant to the option on or about November, 1958 [sic], and tendered performance by offering to pay the $105,000; that defendant agreed to the exercise of the option and entered into negotiations with plaintiff relating to the method of payment of the $105,000, finally agreeing to take 29% cash and the balance by a 10-year mortgage at 5%; that thereafter defendant refused to perform but that plaintiff was at all times ready, willing and able to perform. The insufficiency claimed by the defendant is that the complaint fails to allege a tender of the $105,000. However, paragraph tenth of the complaint alleges the tender. Whether the tender is sufficient as a matter of law, is dependent upon facts to be determined upon the trial. Defendant’s assertion that there has been a violation of the Statute of Frauds is not tenable. The option agreement is part of the written lease of the parties. Defendant’s offer therein is irrevocable but not binding until the plaintiff bound itself to purchase (Kotcher v. Edelblute, 250 N. Y. 178). After plaintiff exercised its option no further consent thereto by the defendant was necessary. Accordingly, defendant’s failure to consent in writing does not violate the Statute of Frauds.
The motion is thus denied. Submit order.