OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and plaintiff’s motion for summary judgment denied.
Plaintiff is correct in arguing that its faithful performance of the covenants, conditions and agreements required to be performed by it is a condition precedent to its exercise of the purchase option in the lease which need not be pleaded in its complaint (CPLR 3015 [a]). It does not necessarily follow that it need not be proved as part of its application for summary judgment, for the burden of proof of faithful performance rests upon it to the extent that defendant’s answer denies such performance "specifically and with particularity” (id.). Its claim that defendant did not deny specifically and with particularity is, however, in error for paragraph 14 of defendant’s answer specifically denied performance of the condition and paragraph 15 particularized 10 different respects in which faithful performance was lacking.
CPLR 3015 (a) did not require defendant to specify each particular incident within the 10 categories in order to impose upon plaintiff the burden of proving performance. When particularity as to such minutiae is required, the CPLR specifically so states (3015 [b] — the State, country or government of *720 incorporation; 3016 [a] — the particular words complained of in a libel action; 3016 [c] — the time and place of each act complained of; 3016 [e] — the substance of foreign law relied upon; 3016 [f] — "plaintiff may set forth and number * * * the items of his claim and the reasonable value or agreed price of each” [emphasis supplied]). As used in CPLR 3015 (a), therefore, "particularity” requires no more than is set forth in paragraph 15 of defendant’s answer. It follows, under familiar principles of law, that plaintiff’s failure to present evidentiary proof of faithful performance required denial of its motion (Westmount Intl. Hotels v Sear-Brown Assoc., 65 NY2d 618, 619) regardless of the sufficiency of the opposing papers (Wine-grad v New York Univ. Med. Center, 64 NY2d 851, 853).
Nor does the fact, relied upon by the Appellate Division, that "defendant does not dispute that plaintiff is entitled to renew” the lease (111 AD2d, at p 80) provide a basis for granting plaintiff summary judgment with respect to the purchase option. The quoted words are based on the statement in defendant’s brief to Special Term that, "The lease still has 52 years to run”[1] in a point headed "No forfeiture of a substantial investment by plaintiff is threatened.” We need not decide whether there is a difference between the option to renew and the option to purchase under this lease or in law, for, in light of the nonwaiver clause of the lease, the lessor, if it saw fit to do so, could treat the claimed breaches differently, even if the language of the respective options did not otherwise permit it to do so.[2] Even were that not so, however, a concession arguendo contained in a brief on a motion for summary judgment is not a formal judicial admission binding the party making it to the very result he is arguing against (Modern Pool Prods, v Rudel Mach. Co., 58 Misc 2d 83, 86; Berner v British Commonwealth Pac. Airlines, 346 F2d 532, 542, cert denied 382 US 983; see, CPLR 2104).
Nor can we conclude from the affidavits alone that plaintiff’s deviations from the requirements of the lease were de minimis. Restoration Realty Corp. v Robero (58 NY2d 1089, affg 87 AD2d 301), on which the Appellate Division majority *721 relied in so concluding, is clearly distinguishable, for defendant has not, as did the landlord there involved, stood by while the tenant made extensive repairs and then "embarked on a campaign of defeating the contractual rights of [the tenant] who has acted in good faith” (87 AD2d, at p 305). Here there are triable issues concerning the extent of plaintiff’s failure faithfully to perform the conditions of the lease upon which exercise of the option to purchase depended and with respect to the landlord’s actions or failure to act with respect to the numerous defaults evidenced by the affidavits (Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442; cf. Key Intl. Mfg. v Stillman, 66 NY2d 924, affg 103 AD2d 475). Whether equity should intervene in plaintiff’s favor must, therefore, await a trial.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur in memorandum; Judge Hancock, Jr., taking no part.
Order reversed, etc.

. The Appellate Division memorandum does not specify the source of the statement, but both briefs submitted to us refer to the quoted statement as the source.

. The condition of the renewal option is that "the Lessee shall fulfill and duly perform the conditions, covenants and terms”; the purchase option is "conditioned upon the faithful performance by the Lessee of all covenants, conditions and agreements”. (Emphasis supplied.)