■ BROADWALL AMERICA, INC., Respondent, v BRAM WILL-EL LLC et al., Appellants. [821 NYS2d 190]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered on or about December 2, 2005, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment and granted plaintiff's cross motion

for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the cross motion denied. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

In this action for specific performance, plaintiff seeks to exercise an option to purchase properties located at 734 and 736 Broadway in Manhattan, separately owned by defendants. The contract provides for a down payment of $50,000 on signing followed by an option period, at the expiration of which, "if purchaser does not cancel this contract," an additional $600,000 is required to be deposited with defendant sellers' attorney as a down payment. Plaintiff sought and obtained several extensions of the options period from defendants. Subsequently, plaintiff sought, by way of an order to show cause, a preliminary injunction to restrain transfer of the premises, stay the due date for the $600,000 payment and reduce the purchase price on the ground that defendants had made misrepresentations concerning the condition of the building and pending tenant actions. During the course of the proceeding, the parties stipulated to extend plaintiff's time to exercise the option by paying the $600,000 down payment to August 29, 2003. On appeal from the denial of its motion for a preliminary injunction, plaintiff sought a stay pending appeal, and, on August 27, 2003, a Justice of this Court granted interim relief (CPLR 5518) staying payment of the balance of the down payment pending our decision on the stay application (CPLR 5704 [a]). On September 30, 2003, this Court denied plaintiff's motion for a stay pending the determination of the appeal and vacated the interim stay. The following day, plaintiff attempted to exercise its purchase option by tendering a check for $600,000, which defendants rejected. On May 20, 2004, we decided the appeal, affirming the denial of plaintiff's application for the preliminary injunction and reduction in the purchase price and holding that Supreme Court "properly gave effect to the limitation of remedies provisions" under the option contract (7 AD3d 411 [2004]).

In June 2004, plaintiff commenced proceedings in Bankruptcy Court, in which defendants participated. After converting plaintiff's motion to assume the option contract into an adversary proceeding, Bankruptcy Court decided that the agreement was a valid executory contract and that plaintiff's assumption of the contract was a valid exercise of its business judgment and in the best interests of the parties to the proceeding. Bankruptcy Court did not, however, decide the ultimate issue of whether plaintiff's rejected tender of $600,000 was effective to exercise the option. Noting the "long entangled state court liti-

gation history," the court stated that New York is the "perfect forum" to decide whether the parties should be required to close the transaction.

The parties then moved for summary judgment. Supreme Court resolved the issue of whether plaintiff's tender was effective by invoking the law of the case doctrine. It reasoned that Bankruptcy Court's explicit finding that the option contract had not been terminated rendered the tender effective. The court further reasoned that even assuming Bankruptcy Court had not decided this issue, at the time this Court vacated its interim stay, there were still two days left in the stipulated extension of the due diligence period, and exercise of the option on the following day was therefore timely. We disagree.

As noted above, Bankruptcy Court did not presume to decide whether the parties should be compelled to close the transaction. Its finding that the contract remained in effect is not tantamount to a finding that the condition precedent to performance (viz. closing) was met by plaintiff's belated tender of the remainder of the down payment. The court stated that, having found the debtor's assumption of the agreement to be proper,

"there still remained the issue of what were the parties' rights and obligations pursuant to the Contract . . .

" 'It is a fundamental principle of bankruptcy law that property interests are created and defined by state law' . . . '[S]tate law determines whether [the debtor's] interest in [any particular item of property] is sufficient to confer on the [bankruptcy] estate a property right in the [item under § 541 (a)].' " (Quoting *In re Texaco Inc.*, 77 BR 433, 435 [SD NY 1987] and *In re Crysen/ Montenay Energy Co.*, 902 F2d 1098, 1101 [2d Cir 1990].)

Plaintiff's dissatisfaction with the transaction did not afford a basis for seeking to modify the contract to include a reduction in the purchase price. As previously decided, plaintiff's sole remedy in the event defendants were unable to convey title or grounds existed for refusing to consummate the purchase was to accept such title as defendants were able to convey, with certain allowances. Thus, plaintiff was limited to either exercising the purchase option and paying the remaining $600,000 into escrow or canceling the contract and recovering the initial down payment. Instead, plaintiff commenced litigation in an effort to expand its rights under the agreement. As we held, well before commencement of the bankruptcy proceeding, the contract affords none of the other remedies sought by plaintiff (7 AD3d 411 [2004]).

Specifically at issue on the prior appeal was plaintiff's application to further stay the due date for payment of the remain-

ing $600,000 necessary to exercise the option. In denying plaintiff's motion for an order to show cause, Supreme Court refused to extend the option period, and we affirmed the order. Plaintiff now asserts that despite our disposition of the appeal and despite this Court's denial of plaintiff's motion for a stay pending determination of the appeal, the interim stay granted by a single Justice of this Court pending determination of plaintiff's stay application served to extend its time to exercise the option to October 3, 2003. Thus, plaintiff contends, its tender of $600,000 on September 30, 2003 was effective to obligate defendants to convey title to the property.

We reject plaintiff's attempt to obtain by way of preliminary motion practice relief that this Court denied in disposing of the appeal (*see Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 192 AD2d 83, 87-88 [1993], *affd* 84 NY2d 430 [1994]). It is an honored principle that a party may not accomplish by indirection that which is directly denied to it (*see e.g. Blake Elec. Contr. Co. v Paschall*, 222 AD2d 264, 267 [1995]; *Intima-Eighteen, Inc. v Schreiber Co.*, 172 AD2d 456, 457 [1991], *lv denied* 78 NY2d 856 [1991]). The courts may not extend the time during which the option must be exercised in the absence of equitable considerations not present here (*see J.N.A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 397 [1977]; *Urban Archaeology Ltd. v Dencorp Invs., Inc.*, 12 AD3d 96, 103-104 [2004]; *cf. Syndicom Corp. v Shoichi Takaya*, 275 AD2d 676, 678 [2000], *appeal dismissed* 96 NY2d 792 [2001]). Thus, the interim stay merely precluded the expiration of the option pending decision of plaintiff's motion; it did not extend the option period. Parties are, of course, free to stipulate as they please, and the courts are obligated to honor their stipulations (*Childs v Levitt*, 151 AD2d 318, 320 [1989], *lv denied* 74 NY2d 613 [1989]). However, the parties herein stipulated only to extend the option period to August 29, 2003, and when this Court vacated the interim stay on September 30, 2003, plaintiff's time to exercise the option had already expired.

"An option contract is an agreement to hold an offer open; it confers upon the optionee, for consideration paid, the right to purchase at a later date" (*Leonard v Ickovic*, 79 AD2d 603 [1980], *affd* 55 NY2d 727 [1981]). The offer is irrevocable during the bargained-for options period (*Kotcher v Edelblute*, 250 NY 178, 182, 183 [1928]), but the conditional option contract only ripens into an enforceable bilateral contract upon exercise of the option according to its terms (*Kaplan v Lippman*, 75 NY2d 320, 325 [1990]). As this Court has noted, "time is of the essence in options to purchase real property" (*Siger v Rich*, 308

AD2d 235, 241 [2003], citing *Kotcher*, 250 NY at 184), and a party who, for consideration, extends an irrevocable offer to purchase is bound to accept such offer only during the period specified in the option contract (*see Trade & Indus. Corp. [USA] v Euro Brokers Inv. Corp.*, 222 AD2d 364, 369 [1995] ["the offeror is master of his offer"]). Furthermore, a party given an option to purchase property may not use the pretense of a binding bilateral contract to impede the grantor's right to dispose of the property (*see Jarecki v Shung Moo Louie*, 95 NY2d 665, 669 [2001]). Plaintiff herein, having failed to tender the requisite payment within the options period (as extended by stipulation of the parties to August 29, 2003), never fulfilled the condition precedent to defendants' performance under the contract and derived no rights thereunder that might be enforced by the courts (*see J.N.A. Realty Corp.*, 42 NY2d at 397).

It is settled that commencement of litigation over the terms of an option contract does not extend the time to exercise the right to purchase. As stated in *Kotcher* (250 NY at 184), plaintiff "cannot say that the defendants have wrongfully failed and refused to convey, since they were not under any obligation to convey until [plaintiff] assumed the counter-obligation of payment. Acceptance after the stipulated time creates no obligation on the part of the defendants, for time was of the essence." A party wishing to protect its right to purchase under an option contract has only to exercise the option, which is effective even in the face of repudiation by the grantor (*id.*; *Siger*, 308 AD2d at 241).

We note that the correct name of plaintiff is Broadwall America, Inc., and we amend the caption accordingly. Concur—Tom, J.P., Andrias, Friedman, Williams and Sweeny, JJ.