██  JOSEPH ZAFARANI, Plaintiff, v KENNETH GLUCK et al., Appellants, and HELENE K. TOBIN, Respondent. [837 NYS2d 252]—

In an action, inter alia, for specific performance of an option to purchase certain real property contained in a lease between the parties, the defendants Kenneth Gluck and Beaaro, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 19, 2006, as granted that branch of the cross motion of the defendant Helene K. Tobin which was to dismiss their cross claim pursuant to CPLR 3211 (a) (1) and (7), and denied that branch of their cross motion which was for summary judgment on their cross claim to compel the defendant Helene K. Tobin to specifically perform the contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the cross

motion of the defendant Helene K. Tobin which was to dismiss the cross claim of the defendants Kenneth Gluck and Beaaro, Inc. (hereinafter Beaaro), pursuant to CPLR 3211 (a) (1) and (7), and properly denied that branch of the cross motion of the defendants Kenneth Gluck and Beaaro which was for summary judgment on their cross claim to compel Tobin to specifically perform a contract for the sale of the subject real property. However, we affirm for reasons other than those set forth by the Supreme Court.

Contrary to the Supreme Court's determination, we find that Gluck and Beaaro failed to establish that they exercised their option to purchase the subject property from Tobin in accordance with the terms of the relevant lease which contained the option (*see Bey v Maratea*, 5 AD3d 713, 713-714 [2004]; *Mohring Enters. v HSBC Bank USA*, 291 AD2d 385 [2002]). In this regard, Beaaro, in purporting to exercise the option, placed a condition upon the exercise of the option which constituted a rejection of the option and effected a counteroffer, which was never accepted. Therefore, no valid bilateral contract was created (*see Lamanna v Wing Yuen Realty*, 283 AD2d 165, 166 [2001]; *Ronan v Valley Stream Realty Co.*, 249 AD2d 288, 289 [1998]). Since no bilateral contract was formed, the Supreme Court also properly denied that branch of Gluck and Beaaro's cross motion which was for summary judgment on the cross claim to compel specific performance of a contract for the sale of the subject real property. Mastro, J.P., Santucci, Krausman and Carni, JJ., concur. [*See* 10 Misc 3d 1073(A), 2006 NY Slip Op 50056(U) (2006).]