■ SHABSI PFEIFER, Appellant, v ELIAS A. GROISMAN, Respondent, et al., Defendant. [997 NYS2d 706]—

In an action, inter alia, for specific performance of a contract for the sale of real properties, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), entered April 19, 2013, which granted the motion of the defendant Elias A. Groisman pursuant to CPLR 3211 (a) to dismiss the complaint and to cancel the notices of pendency filed against the subject properties.

Ordered that the order is affirmed, with costs.

In April 2011, the parties entered into a contract whereby the defendant Elias A. Groisman agreed to sell to the plaintiff three real properties, subject to the plaintiff satisfying two liens on those properties. In December 2012, the plaintiff commenced this action against Groisman and Maya Development, LLC, seeking, inter alia, specific performance of the contract. Thereafter, the plaintiff stipulated to discontinue the action insofar as asserted against Maya Development, LLC, with prejudice. Groisman thereafter moved, pursuant to CPLR 3211 (a), to dismiss the complaint and to cancel the notices of pendency filed against the subject properties, and the Supreme Court granted the motion. We affirm, but on a ground other than that relied upon by the Supreme Court.

The Supreme Court erroneously found that no contract existed. " 'An option contract is an agreement to hold an offer open; it confers upon the optionee, for consideration paid, the right to purchase at a later date' " (*Broadwall Am., Inc. v Bram Will-El LLC*, 32 AD3d 748, 751 [2006], quoting *Leonard v Ickovic*, 79 AD2d 603 [1980], *affd* 55 NY2d 727 [1981]). Here,

the plaintiff and Groisman entered into an option contract, whereby Groisman's obligation to sell the properties and the plaintiff's obligation to buy the properties would arise if the plaintiff satisfied the liens on the properties (*see Kaplan v Lippman*, 75 NY2d 320, 325 [1990]; *Parker v Booker*, 33 AD3d 602, 603 [2006]; *Broadwall Am., Inc. v Bram Will-El LLC*, 32 AD3d at 751). However, the option contract never "ripen[ed] into an enforceable bilateral contract" (*Broadwall Am., Inc. v Bram Will-El LLC*, 32 AD3d at 751), as the plaintiff did not satisfy the liens on the properties (*see Kaplan v Lippman*, 75 NY2d at 324-325; *East End Cement & Stone, Inc. v Carnevale*, 73 AD3d 974, 976 [2010]; *Manzi Homes, Inc. v Mooney*, 29 AD3d 748, 749 [2006]). Therefore, the plaintiff failed to state a cause of action for specific performance of the contract (*see Richmond v Miele*, 30 AD3d 575, 576 [2006]; *Manzi Homes, Inc. v Mooney*, 29 AD3d at 749).

Accordingly, the Supreme Court properly granted Groisman's motion pursuant to CPLR 3211 (a) to dismiss the complaint and to cancel the notices of pendency filed against the subject properties. Cohen, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.