■ NEIL HUTCHINS, Appellant, v PETER HUTCHINS, Respondent, et al., Defendant. [54 NYS3d 2]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered March 25, 2016, which denied plaintiff's motion for summary judgment, and granted defendant Peter Hutchins's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff and defendant Peter Hutchins are brothers. In 1984, their parents executed a contract with Peter and his then-wife, defendant Virginia Lindsey-Hutchins, to live on defendants' property in Bohemia, New York until their deaths. In exchange, the parents agreed to pay $35,000 for an addition to defendants' home, and to pay defendants $200 in monthly rent. The contract included a provision whereby upon the parents' deaths and the sale, rental, or vacatur of defendants' home, plaintiff would be paid $10,000. It also included a provision that defendants could cancel the contract if they provided the parents with written notice and $35,000.

In 1990, defendants sold their Bohemia, New York home, and the parents and defendants moved to a home in Blue Point, New York. The parties continued to perform under the contract, with the parents living on defendants' property and paying $200 in monthly rent. By 2013, the father had passed away, and the mother agreed to accept $35,000 and cancel the contract. Supreme Court properly denied plaintiff's summary judgment motion. Plaintiff has not shown that the contract is still enforceable or that the conditions precedent to his receiving $10,000 were satisfied before the contract was cancelled (i.e., that both parents had passed away or that defendants had sold, rented, or vacated the relevant property) (see e.g. Broadwall Am., Inc. v Bram Will-El LLC, 32 AD3d 748, 752 [1st Dept 2006], lv denied 8 NY3d 805 [2007]).

Supreme Court also properly granted defendant's motion for summary judgment dismissing the complaint. Defendant provided prima facie evidence of entitlement to judgment by submitting the 1984 contract, which allowed defendants to

cancel the contract upon notice and payment of $35,000 to the parents, and a written acknowledgment by the mother of receipt of payment and cancellation of the contract in December 2013. Defendant also provided evidence that the mother had no cognitive issues.

In response, plaintiff failed to raise a triable issue of fact, as he presented no evidence to dispute the cancellation of the contract or the mother's mental ability. Plaintiff's conclusory statements that the mother must have been threatened and coerced into cancelling the contract do not raise an issue of fact as he does not attest to being present to any conversation between defendants and the mother, and the cancellation acknowledgment itself does not evidence such threats.

To the extent plaintiff argues that defendants failed to provide written notice of cancellation of the 1984 contract, as required under paragraph 3 therein, that right accrued to the benefit of the mother, and she was free to waive it, as evidenced by her acceptance of $35,000, which the contract stated was a condition to cancellation (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]). Concur—Sweeny, J.P., Gische, Kahn and Gesmer, JJ.