Hogan v Iskalo Off. Holdings III LLC (2018 NY Slip Op 01715)





Hogan v Iskalo Off. Holdings III LLC


2018 NY Slip Op 01715


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


110 CA 17-00704

[*1]COREY J. HOGAN, PLAINTIFF-RESPONDENT,
v
ISKALO OFFICE HOLDINGS III LLC, DEFENDANT-APPELLANT.






HOPKINS, SORGI & ROMANOWSKI PLLC, WILLIAMSVILLE (SEAN W. HOPKINS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
HOGAN WILLIG, PLLC, AMHERST (THOMAS B. HUGHES OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered January 30, 2017. The order and judgment, insofar as appealed from, granted the motion of plaintiff for summary judgment in lieu of complaint and entered judgment in plaintiff's favor. 
It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is denied, and the second decretal paragraph is vacated.
Memorandum: Plaintiff loaned defendant $90,000 in connection with a commercial real estate project in the Town of Amherst, Erie County. When defendant failed to repay the loan in accordance with the terms of the corresponding note, plaintiff moved for summary judgment in lieu of complaint pursuant to CPLR 3213. Supreme Court, inter alia, granted the motion and entered judgment in plaintiff's favor. We reverse the order and judgment insofar as appealed from, deny the motion, and vacate the second decretal paragraph entering judgment in plaintiff's favor. In accordance with CPLR 3213, "the moving and answering papers shall be deemed the complaint and answer, respectively."
To prevail on a motion pursuant to CPLR 3213, the plaintiff must prove, inter alia, that he or she satisfied all conditions precedent to commencing the action (see Woodlaurel, Inc. v Wittman, 199 AD2d 497, 498 [2d Dept 1993], citing, inter alia, 1014 Fifth Ave. Realty Corp. v Manhattan Realty Co., 67 NY2d 718 [1986]; see also TD Bank, N.A. v Leroy, 121 AD3d 1256, 1260 n [3d Dept 2014]; see generally Logan v Williamson & Co., 64 AD2d 466, 470 [4th Dept 1978], appeal dismissed 46 NY2d 996 [1979]). Plaintiff failed to meet that burden here. The note contains a condition precedent to suit, i.e., plaintiff must obtain the mortgage lender's written consent before "commenc[ing] or prosecut[ing] any action or other legal proceeding relating to th[e] Note." Plaintiff's moving papers, however, do not establish that he satisfied that condition precedent by obtaining the lender's written consent. Indeed, plaintiff's moving papers ignore the condition precedent entirely. We therefore agree with defendant that the court erred in granting the motion (see 1014 Fifth Ave. Realty Corp., 67 NY2d at 720-721; Hutchins v Hutchins, 150 AD3d 426, 426 [1st Dept 2017], appeal dismissed 30 NY3d 929 [2017]; TD Bank, N.A., 121 AD3d at 1257-1259; Woodlaurel, Inc., 199 AD2d at 498).
We reject plaintiff's contrary interpretation of the note. According to plaintiff, the condition precedent is inoperable "unless and until [he] is notified by the [mortgage lender] that [defendant] has defaulted in the payment of any Mortgage Loan." That, however, is not what the note provides. Rather, the note contains a provision that authorizes plaintiff to "receive" defendant's payments on the note "unless and until [plaintiff] is notified by the [mortgage lender] that [defendant] has defaulted in the payment of any Mortgage Loan." Upon such notification, [*2]plaintiff may no longer "accept or collect" any payments on the note from defendant; indeed, any payments received by plaintiff in derogation of that provision must be "held in trust and promptly delivered to the [lender]." As its plain text reveals, the provision upon which plaintiff relies entitles him to "receive," i.e., keep, any payments from defendant unless and until he is notified of defendant's default on the mortgage loan, at which point he is no longer entitled to "accept or collect" any payments on the note from defendant. Contrary to plaintiff's contention, the provision does not qualify or eliminate his separate obligation to secure the lender's written consent before commencing an action on the note.
The parties' remaining contentions are academic in light of our determination.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court