Piroozian v Homapour (2022 NY Slip Op 06150)

Piroozian v Homapour

2022 NY Slip Op 06150

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-01668
 (Index No. 617286/18)

[*1]Imanuel Piroozian, appellant, 
v
Shahriar Homapour, respondent.

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Dustin Bowman and Matthew J. Routh of counsel), for appellant.
Law Office of Steven Cohn, P.C., Carle Place, NY (Alan S. Zigman of counsel), for respondent.

DECISION & ORDER
In an action for specific performance of an option to purchase certain real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered January 8, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
Imanuel Piroozian and Shahriar Homapour were at all relevant times members of Higgins Ave, LLC (hereinafter the Company). In June 2004, the Company purchased certain property in Flushing (hereinafter the property). In 2006, a prior owner of the property commenced an action in the Supreme Court, Queens County (hereinafter the Queens action), against Piroozian, Homapour, and the Company, among others, alleging, inter alia, that the property had been fraudulently conveyed. During the pendency of the Queens action, Piroozian and Homapour entered into an agreement on February 2, 2010, entitled the Queens Warehouse Division Agreement (hereinafter the agreement), providing, among other things, for the sale of the property under certain conditions. The agreement provided that "[a]fter exhaustion of all available appellate remedies from any judgment resolving the Litigation," with the "Litigation" defined as the Queens action pending "between [Homapour and Piroozian] as the current owner[s] and the prior owner as to [Homapour's and Piroozian's] ownership rights in the Property," then the "Property," defined as a "warehouse in Queens" at a certain address, "will be sold" as set forth therein. The agreement then provided that Piroozian would have 35 days to market the property, and no later than 5 days thereafter, would have the option to present a term sheet from either Piroozian or a third party to purchase the property at a price indicated by Piroozian, with Homapour, in effect, having a right of first refusal to purchase the property at the same price proposed by Piroozian.
On January 12, 2018, the Queens action was discontinued with prejudice as against Piroozian upon oral application by the property's prior owner, and a stipulation of settlement of the Queens action was executed by the property's prior owner, the Company, Homapour, and a third-party defendant, and was so-ordered by the Supreme Court. On February 2, 2018, a judgment was entered in the Queens action upon the so-ordered stipulation of settlement, and on February 22, 2018, the property's prior owner served notice of entry of the judgment upon the other parties. In March [*2]2018, Piroozian filed a notice of appeal from the judgment. He never perfected the appeal, and ultimately withdrew the appeal in November 2018. On December 19, 2018, Piroozian purported to exercise his option in the agreement to purchase the property by submitting a term sheet to Homapour reflecting that Piroozian would purchase "[the Company], the interests of all its members, and its assets, including clean title to the [property]," for the sum of $21,000,000. The term sheet set forth additional terms and conditions, including terms relating to the allocation of the proceeds from the sale, payment of the Company's debts, Piroozian's examination of the Company's books and records, and Piroozian's and Homapour's mutual release of certain legal claims relating to the Company. On December 21, 2018, Homapour rejected Piroozian's term sheet.
Piroozian then commenced this action against Homapour, seeking specific performance of his option to purchase the property pursuant to the agreement. Homapour moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, contending, among other things, that Piroozian failed to strictly adhere to the terms and conditions of the option to purchase the property by failing to exercise the option within the specified time frame for doing so, and by including terms and conditions in the term sheet that were not part of the agreement. By order entered January 8, 2020, the Supreme Court granted Homapour's motion. The court agreed with Homapour's contention that Piroozian's attempt to exercise his option was untimely. The court concluded that, because the judgment in the Queens action was entered upon a stipulation of settlement, the judgment was not appealable, and thus, no "available appellate remedies" existed, and therefore, Piroozian's option period began to run upon service of notice of entry of the judgment in that action in February 2018, and not upon Piroozian's withdrawal of his appeal in November 2018.
Piroozian appeals. We affirm, but on the alternate ground argued by Homapour in the Supreme Court, which was not addressed by the court in the order appealed from.
A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88; Bonavita v Government Empls. Ins. Co., 185 AD3d 892). "Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 856 [alterations and internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 790).
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Murphy v Department of Educ. of the City of N.Y., 155 AD3d 637, 638 [internal quotation marks omitted]; see Phillips v Taco Bell Corp., 152 AD3d 806, 807). "Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (Edelman v Berman, 195 AD3d 995, 996 [internal quotation marks omitted]; see Bodden v Kean, 86 AD3d 524, 526).
To state a cause of action for specific performance for the sale of property, a plaintiff must plead facts demonstrating, among other things, that the plaintiff substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations (see Finkelstein v Lynda, 166 AD3d 948, 949). An optionee attempting to validly exercise an option to purchase real property must strictly adhere to the option agreement, by exercising the option in accordance with its terms, within the time and in the manner specified in the option (see Kaplan v Lippman, 75 NY2d 320, 325; LKE Family Ltd. Partnership v Gillen Living Trust, 59 AD3d 602; O'Rourke v Carlton, 286 AD2d 427, 427).
Here, irrespective of the parties' dispute as to when the time period began for Piroozian to exercise his option, Homapour's documentary evidence conclusively established that the contents of Piroozian's term sheet failed to strictly adhere to the terms of the agreement (see Zafarani v Gluck, 40 AD3d 1082, 1082-1083; see also O'Rourke v Carlton, 286 AD2d at 427). The agreement unambiguously provided procedures for Piroozian to purchase the "Property," a term which was clearly defined, whereas Piroozian's term sheet purported to set forth terms for Piroozian's purchase of the entire Company, which was not an option set forth in the parties' agreement. As a consequence of Piroozian's alterations of the material terms, no valid exercise of his option occurred and no enforceable bilateral contract of sale was formed (see Kaplan v Lippman, 75 NY2d at 325; Pfeifer v Groisman, 123 AD3d 684, 685; Zafarani v Gluck, 40 AD3d at 1082-1083). Accordingly, the Supreme Court correctly granted Homapour's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, as Homapour's evidence conclusively established a defense as a matter of law, and demonstrated that Piroozian does not have a cause of action for specific performance (see generally Leon v Martinez, 84 NY2d at 88).
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court